**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-4207**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MICHAEL CHRISTIAN REDDICKS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, Senior District Judge. (CR-03-111)

Submitted: February 28, 2006       Decided: March 17, 2006

Before WILLIAMS, MICHAEL, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Randy V. Cargill, MAGEE, FOSTER, GOLDSTEIN & SAYERS, P.C., Roanoke, Virginia, for Appellant. Donald Ray Wolthuis, OFFICE OF THE UNITED STATES ATTORNEY, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Michael Christian Reddicks appeals his conviction and 120-month sentence imposed following his guilty plea to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (2000). Reddicks' counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal but questioning whether the district court erred when it sentenced Reddicks as a career offender. Although advised of his right to file a supplemental brief, Reddicks has not done so.

Counsel addresses whether Reddicks' sentence violates the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Reddicks claims that the career offender enhancement violates Booker because the predicate offenses were not charged in the indictment. However, we have held that where, as here, the facts are undisputed, the application of the career offender enhancement falls within the exception for prior convictions, regardless of whether or not the fact of the conviction was admitted by the defendant or found by a jury. United States v. Collins, 412 F.3d 515, 521-23 (4th Cir. 2005); see also United States v. Thompson, 421 F.3d 278, 282-83 (4th Cir. 2005) (holding that district court may impose armed career criminal sentence relying on prior convictions neither charged nor admitted if facts necessary to support enhanced sentence are inherent in fact of

- 2 -

convictions and no additional fact finding is required), <u>petition for cert. filed</u>, Oct. 25, 2005 (No. 05-7266).  We also find no error in the district court's application of the sentencing guidelines as mandatory because the court imposed an identical, alternative sentence under 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005) and <u>United States v. Hammoud</u>, 381 F.3d 316 (4th Cir. 2004), <u>vacated and remanded</u>, 125 S. Ct. 1051 (2005).

In accordance with the requirements of <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly, we affirm Reddicks' conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

- 3 -